UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER D.,<br><br>      Plaintiff,<br><br> v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | CASE NO. 2:21-cv-00762-BAT<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS** |

  Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred at step five of the disability evaluation process because the jobs he identified as work Plaintiff could perform conflicted with the residual functional capacity assessment. Dkt. 11 at 1. Plaintiff further contends the ALJ erred by rejecting her testimony, and the opinions of Joshua Buck, M.D., James Babington, M.D., and Kristi Griffin, P.T. *Id.* at 1–2. Plaintiff asks the Court to remand this matter for an award of benefits. *Id.* at 17–18.

  The Commissioner concedes the ALJ erred at step five, and the cases should be remanded but argues the appropriate remedy is to remand for further administrative proceedings. Dkt. 12 at 1. Given this concession, the Court must determine whether this matter should be remanded for an award of benefits or for further administrative proceedings. Additionally,

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 1

because resolution of that question depends in part on resolution of Plaintiff's other claims of error, the Court addresses those claims below.

For the reasons below, the Court concludes the Commissioner's final decision must be **REVERSED** and that the matter should be **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 35 years old, has at least a high school education, and has worked as a social worker and retail salesclerk. Tr. 30, 76–77. On March 22, 2018, she applied for benefits, alleging disability as of March 2, 2018. Tr. 15. Her applications were denied initially and on reconsideration. Tr. 86–117, 120–63. The ALJ conducted a hearing on July 2, 2020, after which he issued a decision finding Plaintiff not disabled. Tr. 15–31, 41–83. In relevant part, the ALJ found Plaintiff had severe impairments of status post cervical spine surgery, migraines, undifferentiated connective tissue disorder, obesity, depressive disorder, anxiety disorder, and obsessive-compulsive disorder. Tr. 18. The ALJ found Plaintiff had the residual functional capacity to perform light work with additional reaching, postural, cognitive, social, and environmental limitations. Tr. 21.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1–3.

## DISCUSSION

**A.   Plaintiff's Testimony**

Plaintiff contends she cannot work due to neck pain, back pain, and frequent migraines. Tr. 53, 56, 58–59, 304, 382. She alleges these impairments cause problems with lifting,

1  standing, walking, hand function, reaching, talking, concentrating, remembering, and sensitivity
2  to light.  Tr. 58–60, 70–74, 309, 382, 387, 390.

3  The ALJ rejected Plaintiff's testimony on the grounds it was inconsistent with the overall
4  medical record, Plaintiff made inconsistent statements, and her testimony was inconsistent with
5  her activities.  Tr. 23–26. None of these reasons withstand scrutiny.

6  The ALJ erred in rejecting Plaintiff's testimony as inconsistent with the overall medical
7  record.  The ALJ cited a number of unremarkable medical findings, such as no abnormality in
8  gait, station, balance, muscle strength, muscle tone, and fine motor control.  Tr. 24.  These
9  findings could reasonably be interpreted to contradict Plaintiff's testimony to the extent she
10 attributed her limitations to neck and back pain.  But Plaintiff also alleged her symptoms were
11 caused by severe migraines.  *See* Tr. 53, 55, 68, 70.  None of the medical records to which the
12 ALJ cited contradict Plaintiff's allegations as to the severity of her migraine symptoms.

13 Similarly, the fact Plaintiff had largely normal imaging results does not contradict her
14 claims of migraine symptoms.  Imaging studies showed Plaintiff had surgery on her cervical
15 spine.  Tr. 1387, 1620–21.  That imaging appeared as expected post-surgery, but that does not
16 show Plaintiff was free from migraine symptoms.  Moreover, the cause of migraines is not
17 generally known, so even if imaging ruled out any cervical spine involvement, that would not
18 disprove Plaintiff's claims of migraine pain.  *See Johnson v. Saul*, No. 2:18-cv-226-EFC, 2019
19 WL 4747701, at *4 (E.D. Cal. Sept. 30, 2019) (noting that "the cause of migraine headaches is
20 generally unknown"); *Groff v. Comm'r of Soc. Sec.*, No. 7:05-CV-54, 2008 WL 4104689, at *8
21 (N.D.N.Y. Sept. 3, 2008) (citing *The Merck Manual* 1376 (17th ed. 1999)).

22 The ALJ also erred in rejecting Plaintiff's testimony based on a finding she made
23 inconsistent statements.  The ALJ first reasoned Plaintiff testified inconsistently when she said

she had debilitating migraines about three times a week, but later said she could drive when she had a migraine, managing her symptoms by wearing sunglasses and only driving short distances. Tr. 25. This is not an accurate summary of Plaintiff's testimony. Plaintiff testified she "ha[d] a headache all of the time that varies in pain level. It can be just a consistent ongoing headache and increase all the way to a debilitating migraine to where I am in bed, and cannot do anything." Tr. 53. When asked whether she was "ever able to drive" while she had a migraine, Plaintiff testified she could drive short distances while wearing sunglasses, but typically only to go to the pharmacy. Tr. 55. There is nothing explicitly inconsistent about these statements, as Plaintiff did not testify her migraines were always debilitating, and did not testify she could always drive when she had a migraine. The ALJ's conclusion is thus not supported by substantial evidence.

      The ALJ next found Plaintiff testified she had not been to any concerts since 2018 but cited an inability to afford it as the reason rather than an inability to attend due to migraines. Tr. 25. Once again, the ALJ finding is not supported by substantial evidence. Plaintiff testified, when explaining why she does not engage in the same activities as before her alleged disability, she "ha[d] not had the ability to go to a concert since the summer of 2018 due to income." Tr. 61. She further explained she went to a concert in the past where she was able to sit on the grass at the back of an outdoor venue so the lights and impact of the music were not as intense. *Id.* She testified she was not sure if she could attend a music concert in another environment. *Id.* The ALJ unreasonably found this testimony meant Plaintiff's only barrier to attending concerts was money rather than her alleged impairments.

      The ALJ also erred in rejecting Plaintiff's testimony as inconsistent with her activities. The ALJ noted Plaintiff could independently attend to activities such as driving, shopping, self-care, and managing money. Tr. 25. As discussed above, Plaintiff's ability to drive is not

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 4

inconsistent with her testimony. Moreover, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (internal citations omitted). The ALJ unreasonably interpreted the evidence in finding Plaintiff's testimony was inconsistent with her activities.

In sum, the ALJ's rationale for rejecting Plaintiff's testimony regarding the severity of her symptoms is not supported by substantial error and the ALJ accordingly erred in rejecting her testimony.

**B.    Medical Opinions**

Plaintiff contends the ALJ erred by rejecting the opinions of treating neurologist Dr. Buck, treating pain specialist Dr. Babington, and treating physical therapist Ms. Griffin. Under 20 C.F.R. §§ 404.1520c(b)(2), (c), and 416.920c(b)(2), (c), the ALJ considers the persuasiveness of the medical opinions from doctors such as Dr. Buck and Dr. Babington using five factors (supportability, consistency, relationship with claimant, specialization, and other), with supportability and consistency being the two most important factors. The ALJ must explain in the decision how he or she considered the factors of supportability and consistency, 20 C.F.R. §§ 404.1520c(b), and 416.920c(b), and must be supported by substantial evidence.

In considering Ms. Griffin's opinions, the ALJ need only give "germane reasons" for rejecting those opinions. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1. Dr. Buck

Dr. Buck was Plaintiff's treating neurologist. *See, e.g.*, Tr. 1374–81, 1401–06. Dr. Buck submitted a medical source statement dated December 21, 2018, opining Plaintiff had chronic migraines, cervicogenic headaches, and cervical myelopathy. Tr. 1616–19. Dr. Buck opined Plaintiff had some exertional, postural, and manipulative limitations. Tr. 1616–18. Dr. Buck opined Plaintiff would "not be able to handle extended periods of cognitive work" due to her migraines, and could reasonably be expected to need to lie down during the course of an eight-hour workday. Tr. 1618. Dr. Buck also opined it was not reasonable to expect that Plaintiff's variations in symptoms would result in absences from work. Tr. 1619.

The ALJ found Dr. Buck's opinions less persuasive because they were "insufficiently supported and inconsistent with the longitudinal record." Tr. 28. The ALJ erred. The ALJ's statement Dr. Buck's opinions were "poorly supported" is not an adequate reason, standing alone, to reject those opinions. Dr. Buck noted abnormalities in Plaintiff's cervical and thoracic spine on imaging. Tr. 1376–77. And the ALJ failed to point to any specific findings Dr. Buck made that would undermine his opinion. The ALJ did cite to supposed inconsistencies with the overall medical record, but his analysis here was the same as the analysis the ALJ employed when rejecting Plaintiff's testimony. It fails for the same reasons. The ALJ therefore failed to provide valid reasons for rejecting Dr. Buck's opinions.

### 2. Dr. Babington

Dr. Babington was Plaintiff's treating pain specialist. *See, e.g.*, Tr. 3007–17, 3063–74, 3106–37, 3150–69, 3219–34, 3296–307, 3324–59. Dr. Babington submitted a medical source statement on November 26, 2018. Tr. 1292–95. He opined Plaintiff had exertional, postural, and manipulative restrictions, although his opinions differed from Dr. Buck's opinions.

1   *Compare* Tr. 1292–94, *with* Tr. 1616–18.  Dr. Babington opined it was reasonable to expect

2   Plaintiff would need to lie down during the course of an eight-hour workday.  Tr. 1294.  Dr.

3   Babington opined Plaintiff would be expected to have more than three absences from work per

4   month on average due to her symptoms.  Tr. 1295.

5         As with Dr. Buck's opinions, the ALJ discounted Dr. Babington's opinions on the

6   grounds the opinions were poorly supported and inconsistent with longitudinal record.  Tr. 27.

7   These are conclusory determinations and the ALJ accordingly erred in rejecting Dr. Babington's

8   opinions on these bases for the same reasons he erred in rejecting Dr. Buck's opinions.

9         **3.     Ms. Griffin**

10        Ms. Griffin was one of Plaintiff's treating physical therapists.  *See* Tr. 1513–90.  She

11  submitted a medical source statement in November 2018.  Tr. 1296–99.  Ms. Griffin opined

12  Plaintiff had limitations in her ability to sit, stand, lift/carry, perform fine manipulations, reach,

13  handle, move her neck, and perform certain postural activities.  Tr. 1296–98.  Ms. Griffin opined

14  it was reasonable to expect Plaintiff would need to lie down during the course of an eight-hour

15  workday.  Tr. 1298.  Ms. Griffin opined Plaintiff would be expected to have more than three

16  absences from work per month on average.  Tr. 1299.

17        The ALJ rejected Ms. Griffin's opinions on the grounds Ms. Griffin gave no rationale for

18  her absenteeism opinion, her sitting limitation opinion was inconsistent with the overall medical

19  record, and there were no objective findings or support for the remainder of her opinions.  Tr. 27.

20  However, the ALJ failed to discuss Ms. Griffin's treatment records when finding she provided no

21  rationale for her opinions.  *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (holding

22  ALJ erred in rejecting doctor's opinions as inadequately explained while ignoring doctor's

23  treatment records).  The remainder of the ALJ's analysis was essentially the same as the

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 7

impermissible analysis used to reject Dr. Buck's and Dr. Babington's opinions, and fails here for the same reasons.

### C. Scope of Remand

Plaintiff argues the Court should remand this matter for an award of benefits. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Here, the Court finds further proceedings are both necessary and appropriate. As discussed above the ALJ erroneously rejected medical and other source opinions either in a conclusory manner or without full examination of the record that might support the opinion. Further proceedings are thus necessary to reexamine these opinions applying a proper analysis and with more detailed articulation regarding what portions support the ALJ's determination and why. Reexamination and reweighing of evidence are reserved to the Commissioner and a task this Court cannot perform on appeal. The Court accordingly concludes this case must be remanded for further administrative proceedings.

### CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

/
/
/
/
/

On remand, the ALJ shall reassess Plaintiff's testimony and the opinions of Drs. Buck and Babbington and Ms. Griffin; the ALJ shall develop the record and redetermine Plaintiff's RFC as needed and shall proceed to the remaining steps of the disability determination evaluation process as appropriate.

DATED this 22nd day of December, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge